UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GERBER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FCA US LLC,<br><br>　　　　　　　　　　Defendant. | Case No.: 17-cv-00518-AJB-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART:**<br><br>**(1) PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES, (Doc. No. 80); AND**<br><br>**(2) PLAINTIFF'S MOTION TO RE-TAX COSTS, (Doc. No. 95)** |

Before the Court is Plaintiff Michael Gerber's ("Plaintiff") (1) motion for attorneys' fees, costs, and expenses, (Doc. No. 80), and (2) motion to re-tax costs, (Doc. No. 95). Defendant FCA US LLC ("FCA") opposed both motions. (Doc. Nos. 88, 97.) For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** both motions, with the appropriate reduction of fees and costs as set forth below.

I.　**BACKGROUND**

This case arose out of the purchase of a new 2012 Jeep Grand Cherokee ("the Vehicle") for a total price of $49,000.00. The Vehicle was manufactured and distributed by Defendant FCA US LLC. FCA provided a written warranty with the Vehicle. Within the applicable warranty period, the Vehicle exhibited issues relating to transmission

function, engine no-starts, vehicle stalls, steering malfunctions, recalls, and other defects. Plaintiff first presented the Vehicle to an FCA-authorized repair facility on August 1, 2013 when the transmission was shifting. Thereafter, Plaintiff returned to FCA's repair facility on seven separate occasions for various other issues. Plaintiff filed his Complaint in this action in San Diego Superior Court on June 30, 2016, alleging violations of the Song-Beverly Act and fraudulent concealment. The action was removed to this Court on March 16, 2017. On May 8, 2019, the parties filed a notice of settlement. (Doc. No. 73.) Plaintiff filed his motion for attorneys' fees, costs, and expenses, (Doc. No. 80), and to re-tax costs, (Doc. No. 95). FCA opposed both motions. (Doc. Nos. 88, 97.) This order follows.

## II.    LEGAL STANDARD

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also Mangold v. Cal. Public Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (noting that in a diversity action, the Ninth Circuit "applied state law in determining not only the right to fees, but also in the method of calculating the fees").

As explained by the Supreme Court, "[u]nder the American Rule, 'the prevailing litigant ordinarily is not entitled to collect a reasonable attorneys' fee from the loser.'" *Travelers Casualty & Surety Co. of Am. v. Pacific Gas & Electric Co.*, 549 U.S. 443, 448 (2007) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, a statute allocating fees to a prevailing party can overcome this general rule. *Id.* (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967)). Under California's Song-Beverly Act, a prevailing buyer is entitled "to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d).

The Song-Beverly Act "requires the trial court to make an initial determination of

the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended, and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor America*, 31 Cal. App. 4th 99, 104 (1994). The court may consider "factors such as the complexity of the case and procedural demands, the skill exhibited, and the results achieved." *Id.* If the court finds the time expended or fee request "is not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount." *Id.* "A prevailing buyer has the burden of showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'" *Id.* (quoting *Levy v. Toyota Motor Sales, U.S.A., Inc.*, 4 Cal. App. 4th 807, 816 (1992)); *see also Goglin v. BMW of North America*, LLC, 4 Cal. App. 5th 462, 470 (2016) (same). If a fee request is opposed, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Premier Med. Mgmt. Sys. v. Cal. Ins. Guarantee Assoc.*, 163 Cal. App. 4th 550, 564 (2008). Rather, the opposing party has the burden to demonstrate the hours spent are duplicative or excessive. *Id.* at 562, 564; *see also Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009) ("[t]he party opposing the fee award can be expected to identify the particular charges it considers objectionable").

## III. DISCUSSION

As a prevailing buyer, Plaintiff is entitled to an award of fees and costs under the Song-Beverly Act. *See* Cal. Civ. Code § 1794(d); *see also Goglin*, 4 Cal. App. 5th at 470. Here, Plaintiff seeks: (1) for an award of attorneys' fees pursuant to Civil Code section 1794(d) under the "lodestar" method in the amount of $39,766.25, (2) for a "lodestar" modifier of 0.5 under California law, in the amount of $19,883.13, and (3) to award actual costs and expenses incurred in the amount of $20,483.81. (Doc. No. 80-1 at 8.) Plaintiff requests a total of $80,133.19 in attorney's fees, costs, and expenses. (*Id.*) FCA acknowledges Plaintiff is entitled to recover attorney's fees, costs, and expenses, but argues the amount requested is unreasonable and should be reduced. (Doc. No. 88 at 6.)

//

### A. Plaintiff's Attorneys' Fee Request

First, Plaintiff seeks $25,442.50 for work completed by Knight Law Group ("KLG") and $14,323.75 for work completed by co-counsel, Hackler Daghighian Martino & Novak, P.C. ("HDMN"). (Doc. No. 80-1 at 14.) KLG associated with HDMN to have HDMN serve as trial specialists. For both law firms, the attorneys' fees requested totals $39,766.25.

#### 1. Hours Worked By Counsel

A fee applicant must provide time records documenting the tasks completed and the amount of time spent. *See Hensley v. Eckerhart*, 461 U.S. 424, 424 (1983); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). Under California law, a court "must carefully review attorney documentation of hours expended" to determine whether the time reported was reasonable. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (quoting *Serrano v. Priest*, 20 Cal.3d 25, 48 (1977)). Thus, evidence provided by the fee applicant "should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008). The court must exclude "duplicative or excessive" time from its fee award. *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 161 (2006); *see also Ketchum*, 24 Cal. 4th at 1132 (stating "inefficient or duplicative efforts [are] not subject to compensation").

The billing records submitted by the KLG indicate that its attorneys expended 66.4 billable hours on this case while HDMN billed 46.75 hours. (Doc. No. 80-2 at 38.) FCA objects to the reported hours, arguing there was duplication by HDMN, as well as other excessive rates or time billed. (Doc. No. 88 at 8.) FCA lists 13 examples and objections where billing entries were either excessive, duplicative, or included clerical work. The Court will address each objection below.

First, FCA objects to the $562.50 and $37.50 billed by HDMN relating to "file review" and "getting up to speed." (Doc. No. 88 at 8.) Essentially, FCA argues KLG's decision to pull in HDMN for trial resulted in duplication of efforts. Reviewing the bill, the Court finds the $562.50 billed by attorney LCM reasonable as this time was billed for

4

the review of document production, repair orders, and preparation of exhibits for trial. (Doc. No. 80-3 at 8.) However, the Court finds the $37.50 amount for "[r]eceiv[ing] and review[ing] trial countdown from co-counsel" and for "[c]alendaring important deadlines and court hearings" as unrecoverable clerical tasks. As such, the Court reduces HDMN's fees by $37.50.

Next, Plaintiff seeks to recover $1,155.00 billed by KLG for the following three entries: (1) "[i]nitial communication with Client and evaluation of Client's claims," (2) analyze vehicle documentation, (3) communication with client. (Doc. No. 80-3 at 31.) Plaintiff argues these entries are a customary practice, (Doc. No. 90 at 6), while FCA maintains that these entries are undated, and there no evidence that a fee agreement was even in place when these tasks occurred. (Doc. No. 88 at 8.) Furthermore, FCA points out these charges appear to be part of the "free consultation" that was offered to the public. (*Id.*) The Court agrees with FCA and in its discretion, will exclude $500.00 from KLG's recoverable fees.

Next, FCA objects to the $1,820.00 billed by attorney ALM of KLG for the 5.2 hours spent drafting written discovery and the $877.50 billed by AH of KLG for drafting additional written discovery. FCA contends Plaintiff's counsel propounds the same discovery requests in every lemon law action KLG brings against FCA on behalf of different plaintiffs. (Doc. No. 88 at 8.) While Plaintiff argues that these amounts are reasonable, the Court agrees with FCA that these amounts are slightly excessive particularly given that ALM is a partner at KLG, and this level of work should primarily consist of adapting templates. Thus, the Court, in its discretion, will reduce KLG's recoverable fees by $500.00.

In FCA's next objection, FCA opposes the $1,755.00 billed by attorney AH of KLG for drafting Plaintiff's motion to remand, which was ultimately denied. (Doc. No. 88 at 8–9.) Plaintiff responds by stating that the time spent on the motion was necessary after FCA decided to remove the case to federal court. (Doc. No. 90 at 6.) Because the Court denied the motion, the Court will reduce KLG's fees by $1,755.00. *See Ferrigno v. Philips Elecs.*

5

*N. Am. Corp.*, No. C-09-03085 RMW, 2009 WL 10692955, at *5 (N.D. Cal. Nov. 5, 2009) ("Plaintiff seeks to recover reasonable attorneys' fees incurred as a result of litigating against defendants' removal. [] Plaintiff's motion is denied. Because the court has denied the motion to remand, there is no basis upon which to award attorneys' fees.").

Moving on, FCA objects to the $3,300.00 billed by attorney CM of KLG for attending Plaintiff's deposition, which FCA argues lasted less than two hours. (Doc. No. 88 at 9.) Plaintiff responds that the amount includes travel to and from the deposition, and time spent preparing for the deposition, and drafting the memorandum regarding the deposition. (Doc. No. 90 at 6.) Because of this block bill, the Court is unable to determine how many hours were spent traveling versus drafting the memorandum or preparing for the deposition. Thus, the Court, in its discretion, reduces KLG's fees by $1,000.

FCA next challenges the $440.00 billed by attorney SM from KLG for spending 0.8 hours on "review and audit billing." (Doc. No. 88 at 9.) Plaintiff retorts that review by a partner is customary practice. (Doc. No. 90 at 8.) But here, because the billing description is so vague, the Court cannot determine what exactly was reviewed. Additionally, tasks such as auditing bill are clerical and administrative and cannot be recovered. As such, the Court strikes this item, and reduces KLG's fees by $440.00.

Next, FCA seeks to exclude the $112.50 billed by paralegal AP of KLG for clerical tasks such as printing and saving documents, opening and preparing files, receiving a trial countdown, and calendaring dates. (Doc. No. 88 at 9.) The Court agrees that Plaintiff's counsel may not be compensated for purely clerical tasks. *See Castillo-Antionio v. Iqbal*, 2017 WL 1113300, at *7 (N.D. Cal. Mar. 24, 2017). Thus, this amount will be excluded from KLG's fees.

FCA protests the $1,856.25 billed by HDMN for preparing the instant motion for attorneys' fees because the motion is similar to other motions for attorneys' fees filed in cases against FCA by KLG and HDMN. (Doc. No. 88 at 10.) Finding FCA's position persuasive, the Court will reduce HDMN's fees by $300.00 for the work completed on the motion for attorneys' fees. FCA also seeks for the Court to exclude the $4,537.50 billed by

6

HDMN in "anticipated" costs for preparing both the reply brief and attending the hearing on the motion for attorneys' fees. (*Id.*) Plaintiff responds the $1,512.50 billed for the "Reply Brief is absolutely necessary and not templated work. Responding to every improper deduction that Defendant's attempt to make requires case-specific facts, attention to detail, as well as a review of the case files." (Doc. No. 90 at 7.) As to the reply, because HDMN does not supplement its bills with actual time spent, the Court will reduce the amount recoverable for the reply brief by $300.00. Finally, HDMN may not be compensated for the "$2,750.00 for 'anticipated' time for traveling to and appearing for the hearing on instant fee motion." The hearing on this motion for attorneys' fees was vacated by the Court in its determination that the matter was suitable for determination on the papers. (Doc. No. 99.)

Finally, FCA takes issue with HDMN's practice of billing in quarterly hour increments. (Doc. No. 88 at 10.) According to the Ninth Circuit, the "practice of billing by the quarter-hour" may result in a request for excessive hours because counsel may bill "a minimum of 15 minutes for numerous phone calls and emails that likely took a fraction of the time." *Welsh v. Metro Life Ins. Co.*, 480 F.3d 942, 948–49 (9th Cir. 2007). FCA argues that here, many email/communication and review of basic court filings is billed at .25 or .5 such that there is a real risk of overbilling. Consequently, FCA advocates for a 20% reduction, in accordance with the Ninth Circuit's decision in *Welsh*. *See Welch*, 480 F.3d at 949 (9th Cir. 2007) (affirming a 20% reduction after finding the billing practice inflated the time recorded); *Prudential Ins. Co. v. Am. v. Remington*, No. 2:12–cv–02821–GEB–CMK, 2014 WL 294989, at *4 (E.D. Cal. Jan. 24, 2014) (also applying a 20% reduction where counsel billed in 15 minute-increments). In response, Plaintiff states that the Court should only entertain a minimal 5% reduction because there is no evidence of actual overbilling by Plaintiff's counsel. (Doc. No. 90 at 7.) While not excessively widespread, the Court does find that HDMN billed in increments of .25 for several items including email correspondence, and review of basic court documents such as .25 for review of

"Court Docket regarding vacated Mandatory Settlement Conference." (Doc. No. 80-3 at 9.) Accordingly, in its discretion, will adjust HDMN's fees downward by 15%.

In summation, KLG's total recoverable fee amount is reduced by $4,307.50. This brings KLG's recoverable fees down to a total of $21,135.00.

HDMN's fees are reduced by $3,387.50. This places HDMN's fees to a total of $10,936.25. After applying the 15% reduction ($1,640.43) to account for HDMN's quarterly hour billing practices, HDMN's total fees comes out to $9,295.82.

### 2. Hourly Rates

FCA next argues that under all of the circumstances of this case, from the value of the vehicle in issue, to the basic nature of the litigation tasks involved, the hourly rates are unreasonable. (Doc. No. 88 at 12.) However, the Court is satisfied with the bases for Plaintiff's counsels' hourly rates. Particularly, Plaintiff has provided ample evidence, including surveys of the hourly rates of similar attorneys with similar experience and qualifications. Thus, the Court finds the rates cited for all attorneys supported by evidence and reasonable.

### 3. Lodestar Calculation

The lodestar method calculates attorneys' fees by "by multiplying the number of hours reasonably expended by counsel on the particular matter times a reasonable hourly rate." *State of Fla. v. Dunne*, 915 F.2d 542, 545 n.3 (9th Cir. 1990) (citing *Hensley*, 461 U.S. at 433); *see also Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 489 (2016).

| LAW FIRM | LEGAL PROFRESSIONAL | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| **Knight Law Group** | Alastair Hamblin | 18.9 | $325 | $6,142.50 |
| | Amy Morse | 11 | $350 | $3,850.00 |
| | Constance Morrison | 8.8 | $375 | $3,300.00 |
| | Christopher Swanson | 6.2 | $375 | $2,325.00 |
| | Kristina Stephenson- | 7.2 | $375 | $2,700.00 |

8

|  | | | | |
|---|---|---|---|---|
|  | Cheang | | | |
|  | Lauren B. Veggian | 3.7 | $350 | $1,295.00 |
|  | Steve Mikhov | 10.6 | $550 | $5,830.00 |
| **Knight Law Group Total** | | | | $25,442.50 |
|  | | | | |
| **HDMN** | Andrea Plata | 1.50 | $75 | $112.50 |
|  | Kevin Jacobson | 1.25 | $275 | $343.75 |
|  | Lauren C. Martin | 36.50 | $250/$275 | $9,900.00 |
|  | Larry S. Castruita | 0.50 | $ 385.00 | $192.50 |
|  | Sepehr Daghighian | 7.0 | $490.00/$550.00 | $3,775.00 |
| **HDMN Total** | | | | $14,323.75 |
| **TOTAL** | | | | **$39,766.25** |

Here, with no adjustments, the total amount of fees for both KLG and HDMN is $39,766.25. Taking into account the aforementioned reductions, the total lodestar amount is $21,135.00 for KLG's fees and $9,295.82 for HDMN's fees. Therefore, Plaintiff's counsels' total lodestar amounts is **$30,430.82**.

### 4. Application of a Multiplier

Once a court has calculated the lodestar, "it may increase or decrease that amount by applying a positive or negative 'multiplier' to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *Laffitte,* 1 Cal. 5th at 504 (citation omitted); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (indicating the court may adjust the fee award considering "the following factors: (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award."

Here, Plaintiff seeks a 0.5 multiplier "based on the risk of taking this case on a contingent fee basis, the substantial costs advanced, the exceptional result achieved and the

delay in payment." (Doc. No. 82-1 at 21.) Significantly, however, this case did not present particularly novel or difficult questions of law or fact. Indeed, the issues related to the complained of defect addressed in *Velasco, et al. v. Chrysler Group LLC*, Case No. 2:13–cv–08080–DDP–VBK and *Hall v. FCA US LLC*, Case No. 1:16-cv-0684-JLT. Thus, the issues presented in this action were not uniquely complex or difficult. *See Steel v. GMC,* 912 F. Supp. 724, 746 (N.J. Dist. 1995) ("the issues in lemon law litigation are not complex and do not require a significant amount of legal analysis or novel pleading"). Additionally, it is highly unlikely that the litigation of this specific case precluded counsel, as lemon law attorneys, from taking on other matters. Finally, the Court finds the contingent nature of the fee award is outweighed by the other factors, especially in this action where the disputed facts and issues to be resolved were minimal. Indeed, there was nothing unusual about this case that would put counsel at great risk for accepting the matter on a contingent basis. Accordingly, the Court declines to award a multiplier and finds the lodestar amount of $30,430.82 as reasonable.

### B.   Motion to Re-Tax Costs

Turning to Plaintiff's motion to re-tax costs, Plaintiff additionally seeks to re-tax the $17,825.18 portion of Plaintiff's cost bill. (Doc. No. 95.) Plaintiff originally filed a Bill of Costs seeking to recover $20,483.81 but the Clerk of Court issued an Order Taxing Costs in the amount of $2,658.63 in favor of Plaintiff. (*See* Doc. No. 92.) Plaintiff then submitted a motion seeking to re-tax the remaining $17,825.18 in costs. (*See* Doc. No. 95.) FCA argues these remaining costs include numerous items that are not recoverable by statute or local rule, and are also excessive, unreasonable, and unnecessary. (Doc. No. 97.)

"In general, an award of costs in federal district court is governed by Federal Rule of Civil Procedure 54(d) and not applicable state law, even in diversity cases." *Self v. FCA US LLC*, No. 1:17-CV-01107-SKO, 2019 WL 1994459, at *12 (E.D. Cal. May 6, 2019) (citing *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003)). An exception exists under *Clausen v. M/V NEW CARISSA*, 339 F.3d 1049 (9th Cir. 2003), *as amended on denial of reh'g* (Sept. 25, 2003), which held that the measure of

damages is a matter of state substantive law where "a state law provision allows for the awarding of costs as part of a substantive, compensatory damages scheme[,]" *Kelly v. Echols*, No. CIVF05118AWISMS, 2005 WL 2105309, at *16 (E.D. Cal. Aug. 30, 2005). In *Clausen*, the Ninth Circuit found that the measure of damages under Oregon's Oil Spill Act "'is inseparably connected with the right of action[.]'" *Clausen*, 339 F.3d at 1065 (quoting *Chesapeake & O. Ry. Co. v. Kelly*, 241 U.S. 485, 491 (1916)). The Ninth Circuit added that the Oregon Oil Spill Act presented the court "with an 'express indication' of a state legislature's 'special interest in providing litigants' with full compensation for reasonable sums expended in pursuit of [their] Oil Spill Act claim." *Clausen*, 339 F.3d at 1065 (citation omitted).

Here, section 1794(d) of the California Civil Code provides that buyers prevailing in an action under the Song-Beverly Act "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794 (emphasis added). Plaintiff states that because the Song-Beverly does make "costs" an element recoverable under this section, state substantive law should govern the award of costs.

Citing *Self*, FCA counters that the *Clausen* exception does not apply here because "the Song-Beverly Act does not make costs an element of damages as in *Clausen*," *Self*, 2019 WL 1994459, at *12 n.8. But district courts within the Ninth Circuit are split as to whether the *Clausen* exception applies to the Song-Beverly Act. *Compare*, *e.g.*, *Self*, 2019 WL 1994459, at *12 n.8 ("[T]he Song-Beverly Act does not make costs an element of damages as in Clausen[.]"); *Celestine v. FCA US LLC*, No. 2:17-CV-0597 - JLT, 2019 WL 4274092, at *14 (E.D. Cal. Sept. 10, 2019) (same); *Flores v. FCA US LLC*, No. 1:17-CV-0427-JLT, 2019 WL 6211367, at *14 (E.D. Cal. Nov. 21, 2019) (same), *with*, *e.g.*, *Petropoulos v. FCA US LLC*, No. 17-CV-0398 W (KSC), 2019 WL 2289399, at *4 (S.D. Cal. May 29, 2019); *Arias v. FCA US LLC*, No. 2:18-CV-00392-JAM-AC, 2019 WL

6211353, at *3 (E.D. Cal. Nov. 21, 2019).

Having reviewed both sides of this split amongst the district courts, the Court finds that state substantive law applies to Plaintiff's request for costs. Of note, the California Legislature has demonstrated a "special interest" in permitting prevailing Song-Beverly plaintiffs to recover costs and expenses under section 1794. As the California Court of Appeal has noted "[a]n analysis by the Assembly Committee on Labor, Employment, and Consumer Affairs states: 'Indigent consumers are often discouraged from seeking legal redress due to court costs. The addition of awards of 'costs and expenses' by the court to the consumer to cover such out-of-pocket expenses as filing fees, expert witness fees, marshal's fees, etc., should open the litigation process to everyone.'" *Jensen v. BMW of N. Am., Inc.*, 35 Cal. App. 4th 112, 138 (1995), *as modified on denial of reh'g* (June 22, 1995).

While state substantive law may apply, this does not obviate the Court's obligation to ensure that the costs were "reasonably incurred." Many of the items Plaintiff seeks to re-tax have already been awarded by the Clerk. Additionally, FCA argues the charges of $14,061.50 related to Dr. Luna were not "reasonably incurred in connection with the commencement and prosecution of this case. According to the invoices attached to the Bill of Costs, Dr. Luna's firm spent over 48 hours on a case where her testimony was nearly identical to that given in a hundred or more other cases against Defendant." (Doc. No. 97 at 7.) Moreover, FCA argues "Plaintiff recovered nothing on his fraud claim, the reason Plaintiff's counsel gave for hiring Dr. Luna . . . . Finally, while there may be statutory basis under California law for recovery of costs under the Song-Beverly Act, there is no such statutory authority for Plaintiff to recover costs based on the fraud claim, much less a losing fraud claim." (*Id.*) The Court largely agrees with FCA, and so, in its discretion, will re-tax costs in the amount of $10,000.00. *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1249 (9th Cir. 2014) (district courts are afforded significant "flexibility in evaluating the suitability of awarding costs in a particular case."). This $10,000.00 will be in addition to the $2,658.63 already awarded by the Clerk.

//

## IV. CONCLUSION

Based upon the foregoing, the Court **ORDERS** as follows:

    1. Plaintiff's motion for attorneys' fees is **GRANTED IN PART AND DENIED IN PART** in the modified amount of **$30,430.82**; and

    2. Plaintiff's motion to re-tax costs is **GRANTED IN PART AND DENIED IN PART** in the modified amount of **$10,000.00**.

**IT IS SO ORDERED.**

Dated: October 26, 2020

Hon. Anthony J. Battaglia
United States District Judge